12-1752-cv
Weeks Marine v. American Steamship Owners Mutual Protection and Indemnity Association

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of February, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
LEWIS A. KAPLAN,[*]
*District Judge.*

-------------------------------------------------------------------

WEEKS MARINE, INC.,

*Plaintiff-Appellant,*

v.                                        No. 12-1752-cv

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., SHIPOWNERS CLAIMS BUREAU, INC., as the manager of American Steamship,

*Defendants-Appellees.*

-------------------------------------------------------------------

---

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:	JOHN A.V. NICOLETTI, Nicoletti, Hornig & Sweeney, New York, NY.

FOR APPELLEES:	JOHN M. WOODS (John R. Stevenson, *on the brief*), Clyde & Co US LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Weeks Marine ("Weeks"), a marine contractor, brought this action against its mutual insurance association, American Steamship, and American Steamship's manager, the Shipowners Claims Bureau (collectively, "American" or the "Club"), seeking indemnity and reimbursement of funds allegedly owed to Weeks under its insurance contract. The underlying liability in this case stems from Weeks' defense and settlement of tort claims by Clarence Smith, a Weeks employee who was assaulted while sleeping in his quarters on a Louisiana-based barge. The District Court granted the Club's motion for summary judgment, holding that the "Club Rules"–the general terms of the insurance agreement for all Club members–required that Weeks notify the Club of the Smith claim within three years of learning about it. In doing so, the District Court rejected Weeks' competing argument that the "Crew Claims Procedures" in the Certificate of Entry (a collateral agreement specifically between the Club and Weeks) displaced and rendered inapplicable this three-year notification requirement. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Our review of the District Court's grant of summary judgment on this question of contract interpretation is de novo. See Ment Bros. Iron Works Co. v. Interstate Fire & Cas. Co., 702 F.3d 118, 121 (2d Cir. 2012). The relevant portion of the Club Rules provides:

> [I]n no event shall any claim be recoverable from the Association unless written notice thereof has been given to the Managers within three years after the Member has knowledge of the happening or occurrence giving rise to the claim.

The "Crew Claims Procedure" in the Certificate of Entry provides:

> The Insured shall be responsible for the investigation, settlement, defense or appeal of any claim made or suit brought, or proceeding instituted against the Insured and shall give prompt notice to Shipowners Claims Bureau, upon the Insured's Risk Management department being notified of any of the following:
>
> > (a) any claim, suit or proceeding that appears to involve indemnity by the American Club;
> >
> > (b) any occurrence, claim, award or proceeding judgment which exceeds 50% of the Insured's retention under this policy . . . .

The assault on Smith occurred in June 2005, and Weeks became aware of the incident almost immediately. Smith filed his maritime suit against Weeks in Louisiana state court in April 2006, and the state court awarded judgment in Smith's favor on September 4, 2009. Weeks filed an appeal and then settled the case with Smith. Weeks first notified the Club about the Smith claim on September 23, 2009; it undisputedly failed to provide the Club with notice of the Smith claim within the three-year period required by the Club Rules.

The central issue on appeal is whether the three-year notification requirement from the Club Rules applied to, and thus barred indemnity for, the Smith claim, or whether, as Weeks argues, Weeks was required only to give "prompt notice" of the Smith claim once the claim satisfied one of the criteria in the Certificate's Crew Claims Procedure.[1]

---

[1] Because Weeks' policy covered only liability in excess of $1 million, Weeks argues that, until September 2009, when the Smith claim was resolved, "prompt notice" was not required, because, inter alia, the claim did not "appear[] to involve indemnity by the American Club" and there had not yet been an "award or proceeding judgment . . . exceed[ing] 50% of [Weeks' $1 million] retention." These arguments are not at issue in this appeal. However, several related arguments were recently rejected by a separate

3

Under New York law, which the parties agree applies in this case, the "words and phrases [in a contract] should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions." LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 206 (2d Cir. 2005) (alteration and quotation marks omitted). Moreover, "all provisions of a contract [should] be read together as a harmonious whole, if possible." Perreca v. Gluck, 295 F.3d 215, 224 (2d Cir. 2002) (quotation marks omitted).

The three-year notice requirement provides a general, outer-limit time bar for Club members to notify the Club of any claims on which they might seek to recover. The Crew Claims Procedure imposes an additional, "prompt notice" requirement on Weeks to notify the Club of certain specific events, and it applies only in the context of crew claims. There is no conflict between the two provisions. To the contrary, to read the Crew Claims Procedure as abrogating in part the three-year notice requirement would conflict with the plain language of the requirement, which provides that "[i]n no event" will a member collect on "any claim" when the requirement has not been satisfied. Accordingly, we agree with the District Court that both provisions applied to the Smith claim and that the three-year notice requirement barred Weeks' claim.

We easily dispense with Weeks' argument that such a reading of the provisions at issue is not what the parties intended. Where the plain language of a contract is unambiguous, that language alone indicates the parties' intent. See Ment Bros., 702 F.3d at 122 ("The New York approach to the interpretation of contracts of insurance is to give effect to the intent of the parties as expressed in the clear language of the contract.") (quotation marks omitted). The three-year notice requirement clearly applies to "any claim." That Weeks might also have been required to give prompt notice–and any

panel of this Court. See Weeks Marine, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Assoc., No. 11-3774-cv, 2013 WL 377979 (2d Cir. Feb. 1, 2013) (summary order).

4

possibility that that requirement could have been met by notice of a judgment more than three years after the event giving rise to the Smith claim–does not render any less clear the meaning of the term "any claim."

We have considered all of Weeks' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court